STATE of Minnesota, Appellant,

v.

Matthew Philip ANDERSON, Respondent.

No. A03–290.

Court of Appeals of Minnesota.

Dec. 9, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Jay M. Heffern, Minneapolis City Attorney, Julie L. Delgado–O'Neil, Assistant City Attorney, Minneapolis, MN, for appellant.

Robert L. McCormick, University Student Legal Service, Minneapolis, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, STONEBURNER, Judge, and PORITSKY, Judge.*

## OPINION

STONEBURNER, Judge.

Appellant State of Minnesota challenges the district court's pretrial order granting respondent's motion to suppress evidence obtained after a traffic stop on the basis that the officer did not have reasonable suspicion for the stop. Because the officer articulated an objective basis for the stop based on a reasonable interpretation of an ambiguous statute that has not been otherwise construed by an appellate court, we reverse.

## FACTS

A University of Minnesota police officer stopped respondent Matthew Philip Anderson for a suspected violation of Minn.Stat. § 169.18, subd. 11 (2002), after respondent, traveling in the center lane of a three-lane one-way street, passed within three feet of the officer's squad car that was stopped in the right lane in connection with a previous stop. After respondent was stopped, the officer observed him displaying indicia of intoxication and arrested respondent for driving while impaired. Respondent was charged with driving while impaired in the fourth degree and driving while impaired with a blood alcohol concentration of .10 or more within 2 hours. Respondent was not charged with violating Minn.Stat. § 169.18, subd. 11, which requires that before passing a stopped emergency vehicle "the driver of a vehicle shall safely move the vehicle to a lane away from the emergency vehicle."

Respondent moved to suppress the evidence obtained by the officer after the stop, arguing that the officer misinterpreted Minn.Stat. § 169.18, subd. 11, and therefore had no objective basis to stop respondent. The district court agreed and granted respondent's motion to suppress. This appeal followed.

## ISSUES

Did the district court err in granting respondent's motion to suppress evidence obtained after a traffic stop, on the basis that the stop was illegal because the officer did not have an objective basis to reasonably suspect that respondent had violated Minn.Stat. § 169.18, subd. 11 (2002)?

## ANALYSIS

### 1. Standard of review

■ When the state appeals a pretrial suppression order it "must clearly and unequivocally show that both the trial court's order will have a 'critical impact' on the state's ability to prosecute the defendant successfully and that the order constituted error." *State v. Scott*, 584 N.W.2d 412, 416 (Minn.1998) (quotation omitted). The parties do not dispute that the suppression order in this case precludes prosecution and therefore has a critical impact.

■ "In reviewing a district court's determinations of the legality of a limited investigatory stop, we review questions of reasonable suspicion de novo." *State v. Britton*, 604 N.W.2d 84, 87 (Minn.2000). In doing so, findings of fact are reviewed under a clearly erroneous standard, "giving due weight to the inferences drawn from those facts by the district court." *Id.*

* Retired judge of the district court, serving the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

(quoting *State v. Lee*, 585 N.W.2d 378, 383 (Minn.1998)).

To be lawful, a stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *State v. Victorsen*, 627 N.W.2d 655, 664 (Minn.App. 2001). "[I]n all stop cases, the decision for the trial court at the suppression hearing depends on whether the officer is able to articulate at the hearing a 'particular and objective basis for suspecting the particular person stopped of criminal activity.'" *State v. Johnson*, 444 N.W.2d 824, 827 (Minn.1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)). "Ordinarily, if an officer observes a violation of a traffic law, however insignificant, the officer has an objective basis for stopping the vehicle." *State v. George*, 557 N.W.2d 575, 578 (Minn.1997). An officer may conduct a limited investigative stop when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Britton*, 604 N.W.2d at 87 (quotation omitted). Although the factual basis required to justify an investigatory stop is "minimal," a stop cannot be based on "mere whim, caprice, or idle curiosity." *Marben v. Dept't of Pub. Safety*, 294 N.W.2d 697, 699 (Minn.1980) (quotation omitted).

## 2. Officer's articulated basis for stop

The officer stopped respondent for a perceived violation of Minn.Stat. § 169.18, subd. 11 (2002), and told respondent that the sole reason he was stopped was the violation of the statute. The statute provides:

When approaching and before passing an authorized emergency vehicle that is parked or otherwise stopped on or next to a street or highway having two or more lanes in the same direction, the driver of a vehicle shall safely move the vehicle to *a lane away* from the emergency vehicle.

Minn.Stat. § 169.18, subd. 11 (emphasis added). The officer testified that he interpreted this statute to require drivers "to give a buffer lane between [the] emergency vehicle and the driver's car ... so that an officer has a safety zone."[1] Under the officer's interpretation of the statute, respondent was required to move to the far left lane, leaving a full lane between his car and the stopped squad car. Under this interpretation of the statute, the officer observed a violation.

The district court concluded that the statute is not ambiguous and does not require one to leave a buffer lane between the driver and the stopped emergency vehicle. "It means being in the next lane over from where the police car is stopped, because that is what it says: 'A driver of a vehicle shall safely move a vehicle to a lane away from the emergency vehicle.' That does not mean two lanes over and that is sufficient." Based on this interpretation of the statute, the district court determined that the officer did not have an objective legal basis for suspecting that respondent violated the law. "The objective legal basis would have been if the officer's vehicle was in the centerlane. And that was not there."

We first hold that the district court erred in concluding that Minn.Stat. § 169.18, subd. 11, is not ambiguous. At oral argument, counsel for respondent candidly conceded that the officer's interpre-

1. The state does not dispute the district court's finding that the officer's squad car was stopped in the right lane.

tation of Minn.Stat. § 169.18, subd. 11, was not unreasonable. We agree and conclude that because the phrase "a lane away" could mean either in the next lane or a full lane away, the statute is ambiguous. *See State v. Stevenson*, 656 N.W.2d 235, 238 (Minn.2003) (statute is only ambiguous when language is subject to more than one reasonable interpretation). Because respondent was not charged with a violation of Minn.Stat. § 169.18, subd. 11, the issue of the correct interpretation of the phrase "a lane away," as used in the statute, is not before us. The issue before us is whether the officer had an objective, articulable basis for believing that respondent violated the statute.

 The district court based its decision that the officer did not have an objective legal basis for the stop on *State v. George*, which held that an officer had no objective basis to reasonably suspect that a motorcyclist was operating his factory-equipped motorcycle in violation of a law that states that a motorcycle cannot have more than two headlights. 557 N.W.2d at 578. But the holding in *George* was fact-specific. And we conclude that *George* is distinguishable from the case before us because *George* did not involve an officer's interpretation of an ambiguous statute. The officer in *George* mistakenly interpreted an unambiguous statute and therefore had no *objective* basis for the stop. *See id.* at 579. But *George* does not disturb the long line of cases supporting the general principle that an officer may make a stop if he or she is able to articulate a reasonable, objective basis for that stop. *Id.* at 578. We hold that a stop based on a law enforcement officer's objectively reasonable interpretation of an ambiguous statute that has not been interpreted by an appellate court is valid.

 Under the totality of the circumstances, we conclude that the officer's in-terpretation of the ambiguity in Minn.Stat. § 169.18, subd. 11, was reasonable. And, based on the officer's objective observations, he had a reasonable, articulable suspicion that respondent had violated the statute. This stop was therefore not based on whim, caprice, or idle curiosity. The officer had an objectively reasonable legal basis for the stop and articulated that basis at the time of the stop and at the suppression hearing. Because the stop was not illegal, the district court erred by granting respondent's motion to suppress.

 In addition, respondent submitted a motion to strike a portion of appellant's appendix to its brief as not being part of the record. We agree that under the applicable procedural rules the document was not part of the record before the district court and therefore should not have been included in appellant's appendix. *See* Minn. R.Crim. P. 28.02, subd. 8 (record on appeal consists of papers filed in the district court); Minn. R.Crim. P. 28.01, subd. 2 (except as otherwise provided, the rules of civil appellate procedure apply to criminal appeals); Minn. R. Civ.App. P. 130.01, subd. 1 (appendix "shall contain . . . portions of the record").

## DECISION

The law enforcement officer had an articulable, reasonable, objective basis to stop respondent for a suspected violation of Minn.Stat. § 168.18, subd. 11. The district court erred in concluding that the stop was illegal and in granting respondent's motion to suppress.

**Reversed; motion to strike granted.**